UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60755-CIV-COHN/VALLE

LUCIA SILVIA VEGA,

    Plaintiff,

vs.

BURLINGTON STORES, INC.,

    Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 20], Second Motion to Dismiss on Failure of Condition Precedent [DE 23], and Plaintiff's Motion to Remand [DE 26] (collectively, the "Motions"). The Court has considered the Motions, all briefing on same, the record in this case, and is otherwise fully advised in the premises.

### I. Background

In this action, Plaintiff Lucia Silvia Vega asserts a single claim for negligence against Defendant Burlington Stores, Inc. related to her injuries from tripping on hangers on the floor of Defendant's store in Sunrise, Florida. See DE 17. The Amended Complaint alleges that Ms. Vega was a customer of Defendant, that she tripped and fell on hangers on the floor of Defendant's store and was injured as a result, that Defendant knew or should have known of the condition, and that Defendant was negligent in allowing the hangers to remain on the floor without warning. See id.

Defendant previously moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and alternatively for a more definite statement under Fed. R. Civ. P. 12(e).  DE 11.  The Court accepted some of Defendant's arguments and ordered Plaintiff to file an Amended Complaint, which she later did.  See DE 13 & DE 17. Defendant now reraises one of its arguments that the Court previously rejected in its earlier Order: that Plaintiff's claim should be dismissed for failure to satisfy a condition precedent set forth in the newly enacted Florida Statute 768.0427.  DE 23.  That statute requires certain disclosures "as a condition precedent to asserting any claim for medical expenses for treatment rendered under a letter of protection."  Fla. Stat. § 768.0427.  In its earlier Order, the Court found that Defendant failed to show that this condition precedent applied to Plaintiff's claim because, at that time, "[t]here [was] no indication that Plaintiff's claimed medical expenses are for treatment rendered under a letter of protection."  DE 13 at 4.

Now, Defendant cites evidence "which indicates a Letter or Protection was indeed taken for all treatment provided."  DE 23 at 7.  Defendant therefore argues that this case is now subject to dismissal due to Plaintiff's failure to satisfy Section 768.0427's condition precedent.  Id. at 8.  Defendant also argues that the Court should award it attorneys' fees for Plaintiff having brought this case in bad faith.  Id. at 4-5, 8. In Response, Plaintiff simply asserts, with no support or explanation, that "[t]here is no condition precedent in this case filing suit."  DE 24 at 2.

Plaintiff also moves to remand this case back to state court, arguing that Defendant has failed to meet its burden of showing that the $75,000 amount in controversy requirement is satisfied.  DE 26.  Defendant's Notice of Removal cites

2

written discovery produced by Plaintiff in which Plaintiff's physician recommends knee surgery for her injury and injections that "have a related cost in the range of $60,000-$80,000."  DE 1-2.  In her Motion to Remand, Plaintiff argues that "these estimates alone are not definitive proof of the amount in controversy."  DE 26 at 4.

For the reasons set forth below, the Court will deny Plaintiff's Motion to Remand and grant Defendant's Motion to Dismiss on Failure of Condition Precedent.

## II.     Legal Standard

### A.     Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely."  Id. at 556.

B.     Motion to Remand

Under 28 U.S.C. § 1441(a), any civil case filed in state court may be removed to federal court by a defendant if the case could have originally been filed in federal court. When a case is removed, the party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence at the time the notice of removal is filed.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010); Leonard v. Enter. Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002).  When a removing defendant claims diversity jurisdiction under 28 U.S.C. § 1332, the defendant must show that there is: (1) complete diversity of citizenship; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

In carrying this burden, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Pretka, 608 F.3d at 754.  Rather, where a plaintiff has not pled a specific amount of damages, as is the case here, the removing defendant may satisfy its burden by showing that it is "facially apparent from the pleadings itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper."  Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52 (CAR), 2013 WL 1748608, at *1 (M.D. Ga. Apr. 23, 2013) (quoting Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010)).

Eleventh Circuit precedent permits district courts to use their judicial experience and common sense when determining whether the amount in controversy has been satisfied.  Roe, 613 F.3d at 1062. They may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations."  Id.  However, a defendant may not rely

4

exclusively on "conjecture, speculation, or star gazing" to establish the requisite amount in controversy. Pretka, 608 F.3d at 754. If the amount is not "readily deducible" from the record, the court lacks jurisdiction, and the case must be remanded. Id. Importantly, removal statutes are to be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

**III.     Analysis**

   A. Defendant Has Shown That the Amount in Controversy More Likely Than Not Exceeds $75,000

The Court is unconvinced by Plaintiff's attempts to distance herself from medical records she produced titled "Estimated Surgery Costs" which give a range of $60,000-$80,000. When considered in conjunction with Plaintiff's allegations that she "suffered serious and permanent personal injury," including, *inter alia*, pain and suffering, disability, disfigurement, lost capacity for the enjoyment of life, loss of earnings, and "[s]ignificant medical expenses occurred [sic] in the treatment of related injuries," the Court can use its judicial experience and common sense to conclude that Defendant has easily satisfied its burden of showing by a preponderance of the evidence that the amount in controversy requirement has more likely than not been satisfied.

   B. Plaintiff Has Failed to Satisfy Applicable Conditions Precedent

Florida Statute § 768.0427(3) states, in relevant part, that:

In a personal injury or wrongful death action, as a condition precedent to asserting any claim for medical expenses for treatment rendered under a letter of protection, the claimant must disclose:

   (a) A copy of the letter of protection.

   (b) All billings for the claimant's medical expenses . . .

5

This is a personal injury action and Plaintiff does not dispute that her claim for medical expenses is for treatment rendered under a letter of protection.  Nor does Plaintiff allege that she disclosed a copy of the letter of protection, all billings for her medical expenses, or any of the other information listed in § 768.0427(3)  before asserting her claim. Accordingly, although Defendant removed this action to federal court, the Court must apply Florida's pre-suit disclosure requirement and dismiss this case.  See, e.g., Ford v. GEO Grp. Inc., No. CIV-15-1007-R, 2017 WL 3951606, at *2 (W.D. Okla. Sept. 8, 2017) (dismissing the plaintiff's state law claim in diversity action because the plaintiff failed to comply with the state law's notice provision that was a condition precedent to bringing suit).  Defendant, however, has failed to show that Plaintiff's conduct rises to the level of bad faith such that sanctions are appropriate.

**IV.     Conclusion**

In light of the foregoing, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [DE 26] is **DENIED**;

2. Defendant's Second Motion to Dismiss on Failure of Condition Precedent [DE 23] is **GRANTED**;

3. Plaintiff's Amended Complaint [DE 17] is **DISMISSED without prejudice**; and

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case and **DENY** all other pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of August, 2024.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF